08-0710-cr
USA v. Melvey

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of January, two thousand eleven.

PRESENT:
>  AMALYA L. KEARSE,
>  RALPH K. WINTER,
>  PETER W. HALL,
>  *Circuit Judges*.

_____

United States of America,

>  *Appellee*,

>  v.                                                                          08-0710-cr

Frank Melvey Jr., also known as Frank Joseph Melvey, Jr.
>  *Defendant-Appellant*.

_____

FOR APPELLANT:                         MARSHALL A. MINTZ, Mintz and Oppenheim LLP, New York, NY.

FOR APPELLEE:                          WILLIAM P. CAMPOS, Assistant United States Attorney (Emily Berger, *of counsel*), *for* Loretta E. Lynch, United States Attorney for Eastern District of New York, Brooklyn, NY.

1

Frank Melvey Jr. appeals from the judgment of United States District Court for the Eastern District of New York (Spatt, *J.*). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that the judgment of the district court imposed on January 11, 2008 and entered on February 4, 2008 is **AFFIRMED**.

On May 24, 2007, Melvey pled guilty to possession with intent to distribute cocaine and fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A)(iii) ("Count One"), and possession of a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count Two"). On the basis of this plea, the district court entered judgment against Melvey and sentenced him principally to 120 months in prison.[1] Melvey now appeals from the judgment.

Melvey claims that it was an abuse of discretion for the district court to find that his plea of guilty to Count Two was supported by sufficient facts in that there was no factual basis for the district court to find that he was admitting that he "possessed" a gun for the purposes of section 922(g)(1). Because Melvey raises this issue for the first time on appeal, we review it for plain error. *United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006).

Federal Rule of Criminal Procedure 11(b)(3) requires that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." The rule is designed to ensure that "the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. Maher*, 108 F.3d 1513, 1524-25 (2d Cir. 1997).

---

[1] The district court originally imposed a 135-month sentence but later granted Melvey's pro se motion to reduce to his sentence.

Here, there was no question that Melvey had previously been convicted of a felony, and he admitted to conduct that satisfies the possession element of the violation charged in Count Two. Under section 922(g)(1), possession of a firearm may be actual or constructive. *United States v. Gaines*, 295 F.3d 293, 300 (2d Cir. 2002). To establish constructive possession, the government must show that a defendant had "the power and intention to exercise dominion and control over an object." *Id.* (internal quotation marks omitted). In his plea colloquy, Melvey admitted that he had such dominion and control over the gun:

> THE COURT: And you possessed this gun. It was your gun wasn't it?
>
> THE DEFENDANT: Your Honor, it wasn't my gun.
>
> THE COURT: Whose gun was it?
>
> THE DEFENDANT: It was registered to my sister whose house it belongs to.
>
> THE COURT: The gun was registered to your sister?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Mr. Melvey, notwithstanding the fact that this was registered to your sister, did you have possession of it?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You had use of it?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You could use it?
>
> THE DEFENDANT: Yes.
>
> ***

3

THE COURT: And you lived in that house?

THE DEFENDANT: Yes.


Because there was a factual basis for Melvey's plea on Count Two that he possessed a gun as a convicted felon, there was no error, much less plain error, when the district court entered judgment on that plea.

We have considered all of Melvey's contentions on this appeal and have found them to be without merit. The judgment of the district court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk